

ENTERED
11/18/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| MANLEY D. HUNLEY, JR. and, KAREN H. HUNLEY, | ) ) ) | CASE NO. 09-80174-G3-13 |
| Debtors, | ) ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion to Keep Case Open" (Docket No. 84) filed by the Debtors in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Manley D. Hunley Jr. and Karen H. Hunley ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 8, 2009. William E. Heitkamp is the Chapter 13 Trustee.

Debtors were initially represented in the case by Thomas F. Jones III, who was then an attorney with Bailey & Galyen. (Docket No. 1).

Debtors' Chapter 13 plan was confirmed, by order entered on September 18, 2009.  (Docket No. 55).

On June 23, 2011, Debtors moved to substitute Alan B. Gregory, Jr., who was then an attorney with Bailey & Galyen, in place of Jones.  The motion recited that Jones was leaving Bailey & Galyen.  (Docket No. 66).  The motion to substitute Gregory in place of Jones was granted, by order entered on July 18, 2011.  (Docket No. 69).

On January 16, 2012, Debtors moved to substitute Rachel Sherman, who was then an attorney with Bailey & Galyen, in place of Gregory.  The motion recited that Gregory was leaving Bailey & Galyen.  (Docket No. 71).  The motion to substitute Sherman in place of Gregory was granted, by order entered on February 9, 2012.  (Docket No. 73).

On January 6, 2013, Debtors filed a notice of designation of counsel, indicating that William E. "Gene" Sollows, who was then an attorney with Bailey & Galyen, would be designated lead counsel, and that Sherman would be terminated as Debtors' attorney of record.  (Docket No. 75).

On July 21, 2013, Debtors moved to substitute Alexander Wathen as attorney of record.  The motion recited that Wathen was the attorney in charge with respect to this case, with Bailey & Galyen, but that Bailey and Galyen was discontinuing its

bankruptcy practice in the Southern District of Texas.[1]  The motion to substitute Wathen, who was then in his own firm, in place of the attorneys from Bailey & Galyen, was granted, by order entered on August 20, 2013.

On July 1, 2014, the Chapter 13 Trustee filed a notice indicating that Debtors had completed the payments due under the plan.  (Docket No. 80).

On July 2, 2014, the court entered an order directing Debtors to demonstrate compliance with Section 1328 of the Bankruptcy Code.  The order provides in pertinent part:

> 1. This case will be closed without a discharge unless the debtor(s) demonstrate compliance with the requirements of § 1328.
>
> 2. Not later than 45 days after the entry date of this order, the debtor(s) must either:
>
>> A.  Complete, execute and file with the clerk of the Court the certification and motion included in this order; or
>>
>> B.  File a pleading with the Court in which the debtor(s) demonstrate an entitlement to a chapter 13 discharge.

(Docket No. 81).

In the instant motion, Debtors seek an order keeping the instant case open until October 17, 2014 unless a discharge has been entered. (Docket No. 83).  Debtors, through Wathen,

---

[1] The court notes that, despite Wathen's statement, Wathen had not previously appeared in the instant case or given any notice that he was the attorney in charge.

asserted that Debtors needed additional time to file the motion.

At the hearing on the instant motion, Wathen stated that he had been in contact with Debtors, prior to the hearing. He stated that he believes Debtors intended to take an instructional course on personal financial management on the day of the hearing on the instant motion, and would thereafter be able to complete the certification and motion attached to the court's order.

The Chapter 13 Trustee filed a final report and account on September 24, 2014. (Docket No. 85).

On November 13, 2014, the date of the hearing on the instant motion, Summit Financial Education filed certificates indicating that Debtors completed an instructional course on personal financial management on that date. (Docket Nos. 89, 90).

Section 1328 of the Bankruptcy Code sets forth several prerequisites for the entry of discharge. The court may not enter discharge if the debtor received a discharge in a previous case within a specified time period. The court may not enter discharge unless the debtor has completed an instructional course in personal financial management. The court may not enter discharge unless the court finds, after notice and a hearing, that there is no cause to believe that certain provisions of Section 522(q) of the Bankruptcy Code may apply to the debtor.

4

11 U.S.C. § 1328.

This court ensures that debtors have satisfied the requirements of Section 1328 through the debtors' execution of the "Debtors Certification, Motion for Entry of Chapter 13 Discharge and Proposed Discharge Order."  A copy of the certification and motion is attached to the court's order at Docket No. 81.

Closing of the case is governed by Section 350 of the Bankruptcy Code and Bankruptcy Rule 5009.  Section 350(a) of the Bankruptcy Code provides:  "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).

Bankruptcy Rule 5009 provides in pertinent part:  "If in a...chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered." Rule 5009, Fed. R. Bankr. P.

In the instant case, Debtors' completion of the instructional course in personal financial management demonstrates cause for a brief extension of time to allow completion of the "Debtors Certification, Motion for Entry of Chapter 13 Discharge and Proposed Discharge Order."   The court

concludes that the instant motion should be granted.

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Keep Case Open" (Docket No. 84).

Signed at Houston, Texas on November 18, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE